# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

KEVIN MCCORMICK, SANDY MCCORMICK, and
KELSEA MCCORMICK,
    Plaintiffs,

    v.                                         Case No. 05-C-0740

EXCEL CORP.,
    Defendant.

---

JEFFREY FORTIER, JUDITH FORTIER, and
CARLY FORTIER,
    Plaintiffs,

    v.                                           Case No. 05-C-0741

EXCEL CORP., E&B MANAGEMENT CO.
WAUKESHA, INC., and
SECURA INSURANCE CO.,
    Defendants.

---

JESSICA SCHRECK, VALERIE SCHRECK,
and JACK SCHRECK,
    Plaintiffs,

    v.                                           Case No. 05-C-0742

EXCEL CORP., and SYSCO FOOD SERVICES
of EASTERN WISCONSIN, LLC,
    Defendants.

---

**ERICA BASS, CAREN BASS, and
DONALD BASS,**
        **Plaintiffs,**

    v.                                      **Case No. 05-C-0744**

**EXCEL CORP., and SYSCO FOOD SERVICES
OF EASTERN WISCONSIN, LLC,**
        **Defendants.**

---

**GABRIELLE CETTA, JOHN CETTA, JR., and
JOHN CETTA, SR.,**
        **Plaintiffs,**

    v.                                      **Case No. 05-C-0745**

**EXCEL CORP., and SYSCO FOOD SERVICES
OF EASTERN WISCONSIN,**
        **Defendants.**

---

**AUGUSTINE CHRISTIAN GONZALES, and
AMY STEINHOFF,**

        **Plaintiffs,**

    v.                                      **Case No. 05-C-0746**

**EXCEL CORP. and SYSCO FOOD SERVICES
OF EASTERN WISCONSIN, LLC.,**
        **Defendants.**

---

## DECISION AND ORDER

      In October 2000, plaintiffs commenced state law tort actions in Milwaukee County Circuit Court alleging that they consumed contaminated meat manufactured and distributed

by defendants and became ill as a result. Pursuant to 28 U.S.C. § 1442(a)(1), defendants removed the cases, arguing that they manufactured and distributed the meat under the authority of the federal regulatory agency that enforces the Federal Meat Inspection Act ("FMIA"). The district court remanded, concluding that the agency did not exercise control over defendants' activities such that removal was justified.

Subsequently, the state trial court granted defendants' motion for summary judgment. The state court of appeals reversed, holding that plaintiffs had presented sufficient evidence to establish that the meat in question was "adulterated" within the meaning of FMIA, and that a federal agency which construed adulterated in a manner that would have required plaintiffs' claims to be dismissed did so unlawfully. Defendants sought review in the state supreme court and the United States Supreme Court, but both courts declined review. In June 2005, the Supreme Court decided Grable & Sons Metal Products v. Darue Engineering & Manufacturing, 125 S. Ct. 2363 (2005), and relying on Grable, defendants again removed. Plaintiffs moved to remand, and their motion is before me now.

As the removing party, defendants have the burden of establishing federal jurisdiction. In re Application of County Collector of Winnebago, Ill., 96 F.3d 890, 895 (7th Cir. 1996). I construe the removal statute strictly and resolve doubts about jurisdiction in favor of remand. Doe v. Allied-Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). Defendants may remove cases over which federal "district courts . . . have original jurisdiction," 28 U.S.C. § 1441(a), among which are cases "arising under federal statutes." 28 U.S.C. § 1331. Defendants must remove within thirty days of service or receipt of "a copy of an . . .

3

order or other paper from which it may first be ascertained that the case . . . is removable." § 1446(b).

Plaintiffs' motion to remand presents two issues: (1) whether the actions are subject to removal and, (2) if so, whether defendants timely removed them. I first address whether plaintiffs' actions are subject to removal.

In the typical "arising under" action such as a suit under 42 U.S.C. § 1983, federal law creates the cause of action asserted by the plaintiff. However, a state law action may also arise under federal law if it implicates a significant federal issue. Grable, 125 S. Ct. at 2366-67. Defendants argue that plaintiffs' actions are subject to removal because they present a significant issue of federal law, namely the meaning of adulterated as used in FMIA. Grable instructs that to determine whether a federal issue embedded in a state law claim gives rise to federal question jurisdiction, I ask whether the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 2368. Grable also makes clear that Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), remains good law and stands for the proposition that Congress's failure to provide a federal cause of action in a statute may be indicative of its intent not to provide a federal forum for state law actions alleging violations of the statute. Id. at 2370-71.

For several reasons, I conclude that Grable does not authorize the removal of plaintiffs' actions. First, in the context in which the actions come before me, they do not raise a "disputed" federal issue. This is so because the federal issue that defendants contend authorizes the exercise of federal jurisdiction, the meaning of adulterated in FMIA,

4

has already been decided in these actions, and the law of the case doctrine provides that courts should generally not reconsider a ruling made earlier in the same case. Analytical Eng., Inc. v. Baldwin Filters, Inc., 425 F.3d 443, 454 (7th Cir. 2005). The law of the case doctrine is a rule of practice which provides that when an issue is litigated and decided in a case, that should be the end of the matter. Id. The state court of appeals addressed the definition of adulterated in FMIA, and while defendants disagree with the court's ruling, for purposes of the cases before me the matter has been resolved.

Second, even assuming that these actions present a "substantial" question of federal law, I conclude that Congress did not intend to provide a federal forum for state law tort actions raising the issue. The cases before me are closer to Merrell Dow than Grable. The FMIA does not include a federal cause of action, and although plaintiffs' state law claims involve an alleged violation of a federal standard, they do not implicate an overriding federal interest. In this respect, they differ from Grable where the federal question raised was critical to the IRS's efforts to satisfy tax liabilities from the property of delinquent taxpayers. And, reflecting its concern about the proper balance of responsibilities between state and federal courts, the Supreme Court in Grable cautioned lower federal courts against exercising jurisdiction over state law tort claims merely because such claims allege a violation of a standard provided by a federal statute or regulation. See also State v. Abbott Labs., 390 F. Supp. 2d 815, 824 (W.D. Wis. 2005). Thus, I conclude that the actions before me do not arise under federal law within § 1331 and are not subject to removal.

Assuming arguendo that the actions are subject to removal, plaintiffs argue that I must, nevertheless, remand them because defendants' removal was untimely. Plaintiffs'

5

argument requires me to analyze the language of § 1446(b) providing that "if the case stated by the initial pleading is not removable, the notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Defendants argue that the Grable decision constituted either an "order or other paper" within § 1446(b) and thus triggered a right to remove. Plaintiffs disagree.

As a general rule, a decision in an unrelated lawsuit is not an order or other paper within § 1446(b) and, therefore, does not trigger the thirty day period for filing a notice of removal. Rather, the words "an amended pleading, motion, order or other paper" are thought to refer only to documents in the same case, i.e., the case being removed. See, e.g., Morsani v. Major League Baseball, 79 F. Supp. 2d 1331, 1333 (M.D. Fla. 1999); Kocaj v. Chrysler Corp., 794 F. Supp. 234, 237 (E.D. Mich. 1992). This rule is based both on § 1446(b)'s language and its legislative history. Some courts have viewed the language of the statute as plain, pointing out that it refers "to the 'receipt by the defendant, through service or otherwise,' [and thus] implies the occurrence of an event within the proceeding itself; defendants do not in the ordinary sense 'receive' decisions entered in unrelated cases." Morsani, 79 F. Supp. 2d at 1333. Even if the language of § 1446(b) is ambiguous, a court could reasonably conclude that the terms order or other paper refer only to documents in the pending case. The terms order or other paper are part of a series and follow the terms "amended pleading" and "motion." Applying the principle of ejusdem generis, whereby the court consults the context in which words appear to resolve ambiguity, order and other paper are best understood as sharing a common characteristic

6

with amended pleading and motion, namely that they are documents in the case under review.

The legislative history of § 1446(b) also supports an inference that Congress intended to limit order and other paper to documents in the pending case. This is so because prior to 1949, when Congress amended § 1446(b), the Supreme Court had developed case law interpreting Powers v. Chesapeake & Ohio Railway Co., 169 U.S. 92 (1898), as standing for the proposition that a case that became eligible for removal after the initial complaint could be removed only as the result of a voluntary act by the plaintiff. See Adam C. Clainton, Uncertainty in Federal Removal Procedure: The Riddle of the "Other Paper", 71 Def. Couns. J. 388, 393, 401 (Oct. 2004) (stating that although 1446(b) does not mention a "voluntariness" requirement, courts have read such limitation into it in light of the House report stating that the amendment was "declaratory of the existing rule laid down by" such decisions as Powers). Although courts have criticized the so-called "voluntary/involuntary" rule as overly formalistic, see Lyon v, Ill. Cent. Ry. Co., 228 F. Supp. 810, 811 (S.D. Miss. 1964), the circuit courts have generally followed it, see, e.g., Poulos v. Nass Foods, Inc., 959 F.2d 69, 71-72 (7th Cir. 1992). It may reasonably be inferred from Congress's endorsement of the rule that Congress also intended to limit order and other paper to documents in the case being removed. See 17 No. 2 Fed. Litigator, 30 (Feb. 2002) (indicating that the voluntariness requirement leads to the conclusion that order or other paper refers only to documents to the case being removed). A plaintiff can only generate documents in a case that is pending.

There have been slight inroads on the general rule. The Third Circuit held that an order in a case related to the pending case could trigger § 1446 removability if the related

case involved the same defendant and similar facts, Doe v. Am. Red Cross, 14 F.3d 196, 202-03 (3d Cir. 1993), and the Firth Circuit went beyond Doe in some respects but reiterated that a decision in a related case could not trigger removability of a pending case unless the cases shared a common defendant, Green v. R.J. Reynolds Tobacco Co., 274 F.3d 263, 267-68 (5th Cir. 2001). Defendants in the present case were not defendants in Grable nor do the present case and Grable involve similar facts, thus, defendants' reliance on Doe and Green is misplaced.

For the reasons stated, the Grable decision does not constitute an order or other paper within § 1446(b) and did not trigger the thirty day period for filing a notice of removal. For this reason also, I will grant plaintiffs' motion to remand. I note that some of the cases before me involve minors and have been settled and require judicial approval of the settlements. However, because I do not have subject matter jurisdiction of such cases, plaintiffs will have to obtain such approval in state court.

Therefore,

**IT IS ORDERED** that the cases are **REMANDED** to state court.

Dated at Milwaukee, Wisconsin this 30 day of January, 2006.

/s_____
LYNN ADELMAN
District Judge